UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-147 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANT'S PRETRIAL MOTION** |
| v. | ) **TO SUPPRESS DNA EVIDENCE OBTAINED** |
| | ) **AS A RESULT OF SEARCH AND SEIZURE** |
| Augustus Quintrell Light, | ) |
| | ) |
| Defendant. | ) |

The defendant, Augustus Light, by and through his attorney, respectfully moves the Court pursuant to Rule 12, Federal Rules of Criminal Procedure, to suppress any evidence against the Defendant specifically obtained by the employment of DNA analysis and any conclusions made by agents of the Minnesota Bureau of Criminal Apprehension (BCA) on the following grounds:

1. That the search warrant for a buccal swab of Mr. Light's mouth issued in this case was issued without a sufficient showing of probable cause in the supporting affidavit, and was therefore issued in error by the POLK County Judge and that the search warrant involved was executed in an illegal and unlawful manner, and not in good faith;
2. That the search warrant for "personal items" belonging to Mr. Light while incarcerated in the Tri-County jail was issued without a sufficient showing of probable cause in the supporting affidavit, and was therefore issued in error by the POLK County Judge and that the search warrant involved was executed in an illegal and unlawful manner, and not in good faith;
3. That the swab and analysis of Mr. Light's items were conducted without the consent of Mr. Light;
4. That the swab and analysis of Mr. Light's personal items were conducted without probable cause and lacking in any exigent circumstances.

On or about June 10, 2020, law enforcement and federal agents executed a search warrant for personal items belonging to Mr. Light in his cell within the Tri-County Jail facility after Mr. Light refused to provide a buccal swab for the collection of his DNA. The application

narratives submitted in the search warrant applications for both a buccal swab and/or "personal items" do not establish the requisite probable cause required to sustain a legal search and seizure for Mr. Light's DNA evidence. The warrant should not have been issued and thus evidence of Mr. Light's DNA allegedly found on plastic bags containing controlled substances, and ammunition should be suppressed.

    This motion is based on the indictment, the records and files in the above-entitled action, testimony as may be presented at the motion hearing, and any briefing the Court may require thereafter.

Dated:  September 7, 2020          Respectfully submitted,

                                                       /s/Catherine Turner
                                              Catherine Turner (MN#0349057)
                                              Attorney for Defendant
                                              P.O. Box 19607
                                              Minneapolis, MN 55419
                                              (612) 361-4895
                                              catherine@catherineturnerlaw.com