UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-147 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Augustus Quintrell Light, )<br>)<br>Defendant. ) | **DEFENDANT'S PRETRIAL MOTION TO SUPPRESS ELECTRONIC, TRACKING AND/OR CELL SITE EVIDENCE OBTAINED AS A RESULT OF SEARCH AND SEIZURE** |

The defendant, Augustus Light, by and through his attorney, respectfully moves the Court, pursuant to Rule 12, Federal Rules of Criminal Procedure, to suppress any digital, cell site, pen register, tracking, or other electronic evidence obtained as a result of a search and seizure on the following grounds:

1. That the search warrant issued in this case was issued without a sufficient showing of probable cause in the supporting affidavit, and was therefore issued in error by the District Court Judge and that the search warrant involved was executed in an illegal and unlawful manner, and not in good faith.

2. That any searches and seizures conducted without warrant were made without probable cause and lacking in any exigent circumstances.

3. That any search and seizures were conducted without free and voluntary consent of the defendant.

On November 7, 2019, a search warrant was signed directing Verizon Wireless to provide a treasure trove of digital information to law enforcement agents, including all cell site activations and locations, incoming and outgoing numbers dialed and the call durations, billing and subscriber information, and cell-tower location information, which would allow investigators to "track" the movements of Mr. Light's alleged phone number, 218-401-2024. This warrant was based on the information provided by unknown Confidential Reliable Informants implicating but not corroborating Mr. Light in drug trafficking activities with the previous 14 days and nothing more.

The application narrative does not establish the requisite probable cause required to sustain a legal search and seizure of Mr. Light's residence and property. The warrant should not have been issued and thus evidence of controlled substances and ammunition should be suppressed.

This motion is based on the indictment, the records and files in the above-entitled action, testimony as may be presented at the motion hearing, and any briefing the Court may require thereafter.

Dated:  September 7, 2020    Respectfully submitted,

   _/s/Catherine Turner_
Catherine Turner (MN#0349057)
Attorney for Defendant
P.O. Box 19607
Minneapolis, MN 55419
(612) 361-4895
catherine@catherineturnerlaw.com