UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-147 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S MOTION FOR** |
| v. ) | **DISCOVERY OF IMPEACHMENT** |
| ) | **INFORMATION AND EXCULPATORY** |
| Augustus Quintrell Light, ) | **EVIDENCE** |
| ) | |
| Defendant. ) | |

The Defendant, Augustus Light, hereby moves the Court, pursuant to U.S. Const., Amends. V and VI; *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Giglio*, 405 U.S. 150 (1972); *Brady v.Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959); *Smith v. Cain*,132 S.Ct. 627 (2012); *Cone v. Bell*, 129 S.Ct. 1769, 1773 (2009); and *Banks v. Dretke*, 540 U.S. 668, 775 (2004) for entry of an Order directing the Government forthwith to make inquiry and disclose all of the following within the possession, custody or control of the Government, or the existence of which is known or by the exercise of due diligence could become known to the Government:

1. Any and all records and information revealing felony convictions, guilty verdicts or juvenile adjudications attributed to each witness called by the government including but not limited to relevant "rap sheets".

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to

formal or informal, direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transaction with the government or over which the government has real, apparent or perceived influence.

5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case.

6. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

7. Any and all personnel files for the witness, the existence and identity of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

8. Any and all other records and/or information which arguably could be helpful or useful to the defense impeaching or otherwise detracting from the probative force of the

government's evidence or which arguably could lead to such records or information.

9. Any information pertaining to whether the witness has any psychiatric or emotional disorder, has been treated for alcoholism or drug abuse.
10. Any information pertaining to whether the veracity of the witness has been submitted to polygraph or other veracity-probing examination
11. Any inconsistent statements or communications of the witness, statements of bias or prejudice against Mr. Light by the witness, and/or admissions of poor memory or lack of knowledge of the witness.
12. Any fingerprints, handwriting, or other scientific evidence which was not identified with Mr. Light.
13. Any items seized from parties not charged which tend to identify them rather than Mr. Light with commission of, or participation in, the crime.
14. Any identification of persons other than Mr. Light by eyewitnesses to the crime.
15. Any failure to identify Mr. Light by any eyewitness to the crime.
16. Any evidence inculpating others in the offenses charged, or evidence indicating a witness's refusal to inculpate Mr. Light.
17. Any statements of any witnesses exculpating Mr. Light
18. The same records and information requested in items 1 through 12 above with respect to each non-witness declarant whose statements are offered in evidence.
19. Any and all other records and/or information which arguably could be helpful or useful to the defense, in impeaching, or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information.
20. Any information or evidence favorable to the accused which is material to either guilt or punishment.
21. Any coaching of witnesses by prosecutors or law enforcement officers.

This motion is based on the law, the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of this motion.

Dated: September 7, 2020  Respectfully submitted,

   */s/Catherine Turner*  
Catherine Turner (MN#0349057)  
Attorney for Defendant  
P.O. Box 19607  
Minneapolis, MN 55419  
(612) 361-4895  
catherine@catherineturnerlaw.com