UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-147 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Augustus Quintrell Light, )<br>)<br>Defendant. ) | **DEFENDANT'S PRETRIAL MOTION<br>TO DISCLOSE AND MAKE AVAILABLE<br>CONFIDENTIAL RELIABLE INFORMANTS** |

The defendant, Augustus Light, by and through his attorney, respectfully moves the Court, for an order compelling the Government to disclose the following information to counsel for the Defendant:

1. The identity of any and all informants in this case. The Government must disclose an informant's identity in cases in which the informant actively participated and/or was a percipient witness to the underlying act or transaction, which serves as the basis for the prosecution. *Roviaro v. United States*, 353 U.S. 53 (1957). Further, disclosure would be helpful to the Defendant's case and is essential to the fair determination of the case. *See United States v. Sanchez*, 908 F.2d 1443 (9th Cir. 1990).

2. The identity of each informant should include his or her name, address and telephone and pager numbers, as well as the informant's prior record, promised immunities, and any other evidence affecting the issues of bias or credibility.

3. Permission for the Defendant to secure an interview of each informant, in order to discover impeachment and bias evidence. The Government must make reasonable efforts to produce the informant. *See United States v. Williams*, 496 F.2d 378, 382 (1st Cir. 1974); *Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir. 1965). 4. Copies of the prior criminal records of each informant, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980); all promises of consideration given to the witnesses, *Giglio v. United States*, 150 (1972); identification of each

informant's prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); evidence of psychiatric treatment, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); and evidence of narcotic habits, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972).

In the materials thus far disclosed by The Government and reviewed by counsel, it is clear the investigation relied heavily on at least three specified informants, heretofore unidentified but referred to as CRI_1, CRI_2, and CRI_3 in search warrant applications. Virtually no information is provided regarding these people; though they all seem to be working with the Paul Bunyon Task Force for financial compensation or with the understanding that their cooperation will result in the non-prosecution of their own criminal acts. It is critical for Mr. Light that information be disclosed that may bear on the truthfulness, reliability, credibility, bias, and/or motivation for cooperation of these witnesses.

This motion is based upon the files, records, and proceedings herein, such testimony as may be presented at the motion hearing, and any briefing requested by the Court thereafter.

Dated: September 7, 2020

Respectfully submitted,

  /s/Catherine Turner
Catherine Turner (MN#0349057)
Attorney for Defendant
P.O. Box 19607
Minneapolis, MN 55419
(612) 361-4895
catherine@catherineturnerlaw.com