UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-147 (PAM/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

Augustus Quintrell Light,

        Defendant.

**DEFENDANT'S PRETRIAL MOTION FOR PRODUCTION AND INSPECTION OF DNA MASTER FILE**

The defendant, Augustus Light, by and through his attorney, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and the rule articulated in *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, the defense requests a complete copy of the Minnesota Bureau of Criminal Apprehension ("BCA") file concerning DNA analysis performed in this case (lab #S 17-11528). The requested materials include, but are not limited to, the following:

1. All records and case notes made in connection with biological testing in the case, including serological testing, presumptive testing, microscopy, and DNA testing regularly kept within the specific BCA case file referenced and those regularly kept in a place other than the BCA case file;

2. Copies of all computer data files created in the course of performing the DNA testing and analysis of the data in this case (both raw data and processed data).

3. Copies of the printouts of GeneScan, Genotyper, GeneMapper, GlobalFiler, or any other kit used by the lab or its agents in analysis of data involved in this case.

4. Copies of electropherograms for all positive and negative controls and reagent blanks used in this case.

5. Copies of injection sheets.

6. Copies of all records that document the treatment and handling of biological evidence in the instant case from the initial point of collection up to its current disposition. This information should include documentation of where and how the materials were stored (temperature and type of container), the amount of evidence material that was consumed in testing, the amount of material that remains, and where and how the remaining evidence is stored. If evidence has been repackaged, provide documentation of the circumstances of that repackaging, including a description of the original packaging, who conducted the repackaging and under what circumstance. In the event that the chain of custody spans several different agencies or laboratories, please address this request to each agency and/or laboratory that handled the items.

7. Copies of all communications between laboratory personnel and any other person, including but not limited to law enforcement, prosecutorial or other state or county officials, with regard to the instant case, including letters, memos, emails and records of other communications (including communications with regard to any DNA profile uploaded to a local, state or national DNA database (LDIS, SDIS or NDIS)).

8. Copies of all standard operating procedures (SOPs), frequency tables and interpretation guidelines relied upon in connection with the testing in the instant case, including guidelines that address; (i) peak detection threshold(s), (ii) stochastic threshold(s), (iii) mixture interpretation involving major and minor contributors, (iv) all mixture interpretation SOPs or policies that detail the practice of requesting a comparison profile when testing swabs from a firearm, (v) inclusions and exclusions, and (vi) policies for the reporting of results and statistics. Additionally, please provide a copy of the lab's Quality Control and Quality Assurance Guidelines.

9. A log of any unexpected results, contamination, and corrective actions for the BCA's Biology Section.

10. Copies of all licenses or other certificates of accreditation held by the laboratory.

11. Copies of the most recent audit report performed by the accrediting agency.

12. Copies of the most recent QAS audit reports.

13. Copies of the most recent internal audit reports, including the most recent ASCLD LAB review documentation, including the preliminary report and

the three (3) most recent internal audits done in compliance with ASCLD LAB -accreditation

14. Documents related to any investigation of BCA personnel required by 42 U.S.C. §3797k(4) (Coverdell Investigation).

15. Copies of the curriculum vitae for all analysts who performed work in this case.

16. Proficiency test results for all analysts who performed work in this case.

17. Any information in personnel files and performance evaluations that could go towards the credibility of the analysts who performed work in this case.

18. A copy of the personnel file for all lab who performed testing in this case, including length of employment, education and training, previous employment, existence and status of any complaints or charges against the employee regardless of whether the complaint or charge resulted in disciplinary action, the final disposition of any disciplinary action together with the specific reasons for the action and data documenting the basis of the action, excluding data that would identify confidential sources who are employees of the public body.

19. Copies of all validation studies conducted in connection with the laboratory's protocols for interpretation, comparison, and statistical calculation, as well as the underlying data, including but not limited to analysis and interpretation of mixtures of three or more contributors, analysis and interpretation of mixtures of four or more contributors.

20. Copies of any error rate studies performed by the laboratory.

21. Any other information, in the form of documentation or encompassed in some other manner that the BCA has in their possession and/or control, or knows of and can access, regarding this case, including but not limited to any QAR which contains any reference to this case whatsoever.

This motion is based upon the Indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of hearing of said motion.

Dated: September 7, 2020	Respectfully submitted,

   <u>*/s/Catherine Turner*</u>
Catherine Turner (MN#0349057)
Attorney for Defendant
P.O. Box 19607
Minneapolis, MN 55419
(612) 361-4895
catherine@catherineturnerlaw.com