IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

RECEIVED BY MAIL SEP 24 2020 CLERK, U.S. DISTRICT COURT ST. PAUL, MN

CASE NUMBER: 20-CR-147 (PAM/LIB)

UNITED STATES OF AMERICA,

    Respondent,

v.

Agustus Quntrel Light,

    Defendant.

PRO SE DEFENDANTS MOTION TO SUPPRESS PURSUANT TO F.R.C.P. RULE 12, AND 18 U.S.C. §2518(10)(a)(i)(ii)(iii), AND (c), ALL EVIDENCE OBTAINED THROUGH ELECTRONIC TRACKING DEVICE, GLOBAL POSITIONING SYSTEM (GPS) TECHNOLOGY CELLCITE INFORMATION AND PRTT EVIDENCE AND WARRANT, IN VIOLATION OF FEDERAL LAW, WITH AFFIDAVIT AND SUPPORTING MEMORANDUM OF LAW.

1.) THAT IN FACT and at LAW, Defendant, Agustus Quntrel Light, Pro Se, Respectfully Presents this Motion to Suppress Pursuant to 18 U.S.C. §2518(10)(a)(i)(ii)(iii), And (c), and Fed. R. Crim. P. Rule 12, All Evidence obtained through Electronic Surveillance (Controlled Substance and Ammunition) that was a result of an illegal Search and Seizure in violation of the US Constitutions Fourth Amendment, statutes 18 U.S.C. § 2516(2), 2518(10)(a)(i)(ii)(iii), and (c), §2518(1)(c) and §2518(3)(c), Title III, U.S. Supreme Court Cases, USCA Cases and USDC Cases.

2.) THAT IN FACT and at LAW, A Electronic Surveillance/Communications order issued by a state Court must comply with state as well as Federal Law. Please See. United States vs. Moore, 41 F.3d 370, 373 n.1 (8TH Cir. 1994)

SCANNED SEP 24 2020 U.S. DISTRICT COURT ST. PAUL

3.) THAT IN FACT and at LAW, The Eighth Circuit has firmly held that in Federal Criminal Prosecutions, Title III, not the more restrictive state Law governs admissability of communications intercepted by state agents. Please see United States vs. Padilla-Pena, 129 F.3d 457, 464 (8TH Cir. 1997)

4.) THAT IN FACT and at LAW, Defendant, Agustus Quintrel Light, states that the Beltrami County "District Court Judge" John G. Melbye, Failed to Act in a Neutral and Detached Manner, when he Signed/Authorized the "APPLICATION AND AFFIDAVIT" For it to be Submitted to the/a Court to Secure the requisite court order For Authorization/Approval For Electronic Surveillance where he also signed the "actual Court Order" himself For Electronic Surveillance in violation of 18 U.S.C. § 2516(2), and, United States vs. Lucas, 451 F.3d 492 (8TH cir 2006); and, Lo-Ji sales, inc. vs. NY., 442 U.S. 319, 326-28 (1979); and, United States vs Giordano, 416 US 505, 40 L.Ed. 2d 341 94 S.Ct. 1820 (1974) Good Faith Exception does not apply.

5.) THAT IN FACT and at LAW, Defendant, Agustus Quintrel Light, Demands that this Honorable Court invalidate the Warrant and Suppress All the evidence seized, Controlled Substances and Ammunition, Because Beltrami County "District Court Judge" John G. Melbye Abandoned a Neutral and Detached Posture when he signed and Authorized the "APPLICATION AND AFFIDAVIT" and signed and Approved the "Court Order for Electronic Surveillance, and he wasn't even the proper official Needed to Authorize the "APPLICATION AND AFFIDAVIT" Pursuant to 18 USC § 2516(2 See. id at 326-28  (see. EXHIBIT "A", "APPLICATION AND AFFIDAVIT" PAGE #9) (see. EXHIBIT "B", "FINDINGS, ORDER, AND TRACKING WARRANT" PAGE #7), Fourth Amendment violation.

6.) THAT IN FACT and at LAW, Agustus Q. Light states that Beltrami County sheriff Officer David Hart states in a separate Application For Search Warrant "That on or About November 27TH, 2019, your Affiant begun conducting electronic surveillance of Light Pursuant to a Search Warrant. The Warrant was "reviewed" and "Signed" by the Honorable Judge John Melbye. (see. EXHIBIT "C")

7.) THAT IN FACT and at LAW, That Statement in that Separate Application by Beltrami County Sheriff officer Dave Hart Verifies and Clarifies the violations of 18 U.S.C. § 2516(2) and §2518(4)(d) of who gave him Approval And Authorization to Submitt the "Application and Affidavit" to the Court, And theres Nothing in the record that Suggest or states otherwise. (see. EXHIBIT "A", AND, EXHIBIT "B")

8.) THAT IN FACT and at LAW, 18 U.S.C. § 2518(4)(d) states; Provide that the order of Authorization or approval" shall specify, in part the identity of the person Authorizing the Application.

9.) THAT IN FACT and at LAW, Since Beltrami County Sheriff officer Dave Hart states in his "APPLICATION AND AFFIDAVIT" On Page #1, Special Agent David Hart hereby applies to the Court For an Order and Tracking Warrant "Authorizing" the installation and use of: Electronic tracking device, GPS, Ect. (see. EXHIBIT "A")

10.) THAT IN FACT and at LAW, Then on PAGE #9 The "Judge of District Court" Signs the "APPLICATION AND AFFIDAVIT" Sworn to before him, John Melbye, then On PAGE #7 the Beltrami County "Judge of District Court" John Melbye Signs the "FINDINGS, ORDER, AND TRACKING WARRANT" Approving Electronic Surviellance. Please See. (EXHIBIT "A" & "B") Violating, 18 U.S.C. § 2516(2)

11.) THAT IN FACT and at LAW, We Can Agree that Beltrami County "District Court Judge" John Melbye "Authorized" the "APPLICATION AND AFFIDAVIT", violating Supreme Court Case Law, as Not being the "Proper Official" see. U.S. v. Giordano 416 US 505 40 L.Ed. 2d 341 94 S.Ct. 1820 (1974), or US v. Chavez, 416 US 562 94 S.Ct 1849 (1974) Good Faith exception does not apply.

12.) THAT IN FACT and at LAW, To Further Substantiate my claim why All the Evidence Siezed Pursuant to an improperly Authorized Application, and thus improperly Approved Order, there is NOTHING in the "APPLICATION AND AFFIDAVIT" in regards to 18 U.S.C. § 2518(1)(c) and § 2518(3)(c), requirements. (see. EXHIBIT "A" and EXHIBIT "B")

13.) THAT IN FACT and at LAW, 18 U.S.Code § 2518(1)(c) Both this Provision and its counterpart § 2518(3)(c) - requiring the Judge to find that normal investigative techniques have been tried and failed appear unlikely to Succeed or are to dangerous - are often referred together as the "necessity requirement" The necessity requirement is intended to ensure that electronic Surveillance is not used when normal investigative techniques are adequate. see. U.S. V. Kahn, 415 U.S. 143, 153 n.12 (1974)

14.) THAT IN FACT and at LAW, the Affidavit Must Show with Specifity why ordinar means of investigation will Fail; Conclusionary statements without factual support are insufficient. This was not done. Clearly violating § 2518(1)(c).

15.) THAT IN FACT and at LAW, Necessity requirement not met Because Affidavit describes Confidential Informants who claim they call Mr.Light at phone number 218 401-2024 to get controlled Substances but not one Attempt was made to corroborate thier Story.

16.) THAT IN FACT and at LAW, Beltrami County Sheriff Officer Dave Hart provided no type of info For Necessity For electronic Surveillance or any prior unsuccessful tactics used, Contrary to 8TH Cir. CaseLaw, U.S. v. Perez-Trevino, 891 F.3d 359, 370 (8TH Cir. 2018)

17.) THAT IN FACT and at LAW, The Authorization Obtained by Beltrami County Sheriff Officer Dave Hart Violates Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S. Code § 2516(2), § 2518(10)(a), § 2518(1)(c), § 2518(3)(c)

18.) THAT IN FACT and at LAW, Suppression of Electronic Surveillance is required under 18 U.S.C. § 2518(10)(a) only for failure to satisfy any of those statutory requirements that directly and substantially implement the Congressional intention to limit the use of intercept procedures to situations clearly calling for the employment of this extraordinary investigative device.

## PRAYER FOR RELIEF

That All Evidence Siezed in this Case be Suppressed.

I, Declare under penalty of perjury that the foregoing is True and Correct to the Best of My Knowledge This 15Th of September 2020.