RECEIVED
BY MAIL
SEP 24 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

# EXHIBIT "A"

SCANNED
SEP 24 2020
U.S. DISTRICT COURT ST. PAUL

**STATE OF MINNESOTA**
**COUNTY OF BELTRAMI**

**DISTRICT COURT**
**9th JUDICIAL DISTRICT**

**IN THE MATTER OF THE APPLICATION OF THE PAUL BUNYAN DRUG TASK FORCE FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER, TRAP AND TRACE DEVICE, ELECTRONIC TRACKING DEVICE, GLOBAL POSITIONING SYSTEM (GPS) TECHNOLOGY, USE OF PRECISION LOCATION TECHNOLOGY, AND DISCLOSURE OF SUBSCRIBER AND CELL SITE INFORMATION AND TRACKING WARRANT**

**UNDER SEAL**

**APPLICATION AND AFFIDAVIT**

**218-401-2024**

RECEIVED
BY MAIL
SEP 24 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Special Agent David Hart hereby applies to the Court for an Order and Tracking Warrant authorizing the installation and use of: **a pen register, trap and trace device including caller identification, electronic tracking device, and/or cellular tower location and service information, including services such as Global Positioning System (GPS) technology, precision location related technologies, and/or a tracking warrant** on telephone number **218-401-2024.** In support of this application, the applicant states the following:

1. Identity of Applicant and Agency: Pursuant to 18 U.S.C. §3122 (b) (1) and Minn. Stat. §626A.37, Subd. 2(4), the applicant, S/A David Hart is a licensed peace officer with the Paul Bunyan Drug Task Force with responsibility for an ongoing criminal investigation, and therefore pursuant to 18 U.S.C., §§ 2703 (d), 2703(c)(1)(B), 2703 (c)(2), 2711 (3)(B), 3117, 3122(a)(2), and 3127(2)(B), and Minn. Stat.§§626A.36 to Minn. Stat. §626A.42-may apply for an Order and Tracking Warrant authorizing the installation and use of: **a pen register, trap and trace device including caller identification, electronic tracking device, and/or cellular tower location and service information, including services such as Global Positioning System (GPS) technology and/or precision location related technologies.** The law enforcement agency conducting this investigation is the **Paul Bunyan Drug Task Force.**

2. Federal Certification: Pursuant to 18 U.S.C. §3122(b)(2), the applicant certifies that his agency is conducting a criminal investigation of Augustus Quntrell LIGHT (DOB: 05/04/1981), and others as yet unknown, in connection with possible violations of state and federal law relative to controlled substance crimes; and that it is believed the subjects of the investigation are using telephone number **218-401-2024** in furtherance of the subject offenses; and that the information likely to be obtained from the **pen register, trap and trace device including caller identification,** is relevant to an ongoing criminal investigation by the **Paul Bunyan Drug Task Force.**

3. Pursuant to Minn. Stat. §626A.42, Subd. 2, your affiant applies for a **tracking warrant** to obtain location information for an electronic device including information concerning the location of an electronic device that, in whole or in part, is generated or derived from or obtained by the operation of an electronic device, including **location information for an electronic tracking device, and/or cellular tower location and service information, including services such as Global Positioning System (GPS) technology and/or precision location related technologies.**

4. Statement of Probable Cause: The facts and circumstances relied upon by the applicant show there is reason to believe that probable cause exists that the person who possesses an electronic device is committing, has committed, or is about to commit a crime.

Affidavit of Probable Cause:

Your Affiant is a licensed Peace Officer in the State of Minnesota and is currently employed by the Beltrami County Sheriff's Office. Your Affiant is currently assigned to the Paul Bunyan Drug Task Force as a Special Agent and to the Federal Bureau of Investigations (FBI) Headwaters Task Force as a Task Force Officer (TFO). Your Affiant, while acting in these capacities, has conducted criminal investigations of subjects involved in homicides, burglaries, narcotics, serious assaults, financial fraud crimes, and property damage investigations. Your Affiant has experience and training in drafting search warrants as well as the execution of those search warrants.

Based on Your Affiant's training, experience, and participation in undercover narcotic operations, financial investigations and based upon conversations with other experienced narcotic agents with whom Your Affiant is associated, Your Affiant knows that individuals involved in the distribution of controlled substances often use their cell phones to arrange narcotics transactions. Individuals arrange these transactions using phone calls, text messaging, and interactions through social media, including but not limited to Facebook, Snapchat, and others.

Your Affiant knows that individuals involved in the distribution of controlled substances often photograph controlled substances, currency, and property items for potential trade of controlled substances. These photographs are stored on the cellular phone, as well as on remote "cloud" servers. Your Affiant knows that cellular phones often capture location information. This information can be fruitful in investigations regarding controlled substances, as it shows where the individual has recently been, and where these individuals frequent. Your Affiant also knows:

(a) that drugs are trafficked in to major cities within the United States of America known as "hubs."

(b) that drugs are trafficked outward from "hubs" to locations for further distribution.

(c) drugs are trafficked by any available means of transportation.

(d) that the logistical planning of the distribution and trafficking of drugs is often arranged by cellular phone.

(e) that drug distributors commonly maintain addresses or telephone numbers in books, on papers and cellular devices which reflect names, addresses and/or telephone numbers of their associates in the trafficking organization.

(f) that drug distributors and users frequently possess photographs and/or digital video which depict themselves and other co-conspirators involved in criminal activities.

(g) that persons involved in drug distribution and users often have conversations with drug suppliers and drug customers via phone, e-mail, and other electronic media.

Your Affiant is currently investigating a drug distribution and trafficking organization (DTO) in the State of Minnesota. Through investigative methods, Your Affiant has identified Augustus Quntrell LIGHT, DOB: 05/04/1981 aka "Stow," aka "Gus" as a leader of the DTO who is suspected of trafficking quantities of methamphetamine and heroin form the Minneapolis-St. Paul, MN area to northern Minnesota for further distribution.

Your Affiant has gathered facts through the investigation of this case, and the investigation of other experienced law enforcement officers. The information in this affidavit is not all the facts known to Your Affiant, rather information tending to establish probable cause for this affidavit. The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

Your Affiant is working with a Paul Bunyan Task Force Confidential Reliable informant, hereinafter referred to as CRI. The CRI is working with the task force for possible consideration on a criminal offense. The CRI has provided true and accurate information in the past that has been independently corroborated by law enforcement to include names, cell phone numbers, locations, vehicles and methods of operation of individuals involved in controlled substance crimes. The CRI has made multiple controlled purchases of narcotics under the direction and supervision of the task force. The CRI has provided information leading to the execution of search warrants where controlled substances have been seized. The information provided by the CRI has led to the arrest or individuals for controlled substance crimes. Your Affiant reviewed the CRI's criminal history and observed no previous convictions for crimes of deception.

The CRI identified LIGHT as a distributor of methamphetamine and heroin in the Beltrami County Area. LIGHT uses the monikers, "Stow." The CRI stated they have purchased both methamphetamine and heroin from LIGHT on multiple occasions. The CRI described observing LIGHT in possession of quantities of controlled substances within the last fourteen (14) days. Your Affiant knows based on training and experience the quantities of controlled substances described by the CRI to be associated with further distribution, rather than personal use. The CRI stated they contact LIGHT at **218-401-2024** to arrange controlled substance transactions.

Your Affiant spoke with a Cooperating Defendant, hereinafter referred to as CD within the last fourteen (14) days. The CD provided information for possible consideration on a criminal offense. The CD provided a statement against their own penal interest. The CD provided information regarding

individuals suspected of being involved in controlled substance crimes that was independently corroborated by Your Affiant during this investigation. Your Affiant reviewed the CD's criminal history and observed.....

The CD advised Your Affiant that LIGHT was their supplier of methamphetamine in the Beltrami County Area. LIGHT goes by the monikers, "Stow" and "Gus." LIGHT has a source of methamphetamine and heroin in the MSP area and makes weekly trips to obtain large quantities of the controlled substances for further distribution in the northern Minnesota area. The CD contacts LIGHT at cell phone number **218-401-2024** to arrange controlled substance transactions.

Based on the above information, Your Affiant believes **218-401-2024** is being used by LIGHT to conduct controlled substance trafficking and sales with individuals in the Beltrami County Area.

Your Affiant knows obtaining cellular phone data assists law enforcement with surveillance efforts on subjects involved in the controlled substance trafficking investigation. Data provided from cellular phone providers commonly assists law enforcement in corroborating information received from other sources. Cellular communication commonly assists law enforcement with the interdiction of illegal controlled substances and commonly provides information leading to the identification of sources of supply for illegal controlled substances and other persons involved in controlled substance sales and trafficking.

Your Affiant identified the number **218-401-2024** to be a number utilizing Verizon Wireless Services. Your Affiant confirmed with Verizon Wireless that this is an active number on their system.

Verizon is a foreign corporation located outside the State of Minnesota in the State of New Jersey. The Court has jurisdiction to issue a Minnesota State Search Warrant for records held by the above corporation pursuant to Minnesota State Statute 626.18 Subd. 2 (a), which allows a search warrant for records that are in actual or constructive possession of a foreign corporation that provides electronic communication services or remote computing services to the general public, where those records would reveal the identity of the customers using those services; data stored by, or on behalf of, the customer, the customer's usage of those services; the recipient or destination of communications sent to or from those customers; or the content of those messages.

Your affiant is familiar with the corporation and that they are willing to take all legal compliance via fax. Your affiant seeks the permission of the court to execute the search warrant on the corporation via fax.

Based on the above information, your affiant requests the Court's permission to obtain the cellular records listed on the face of this application for the Verizon number **218-401-2024.**

5. Request for Pen Register and Trap and Trace Device and Tracking Warrant: Your Affiant requests that this order direct **Verizon Wireless** to provide data on all communications originating from or directed to **218-401-2024** including the following information and assistance requested during the authorized period of inception:

A. Cell site activations and locations;
B. Outgoing numbers dialed or pulsed; including PTT (Push-To-Talk) communications, and, if identified, any post cut-through digits;
C. Incoming numbers, if identified, and any post cut-through digits;
D. Call duration and call detail records in electronic format;
E. Call detail or toll records for the seven (7) day period immediately preceding the date of this order.
F. Current subscriber and billing information for mobile telephone number **218-401-2024** and the Electronic Serial Number (ESN), Mobile Equipment Identity (MEID), International Mobile Equipment Identity (IMEI), International Mobile Subscriber Identity (IMSI) and Mobile Subscriber Identity (MSID) specific to **218-401-2024**
G. Current **Verizon Wireless** subscriber information and, if requested, historical subscriber information and other telephone(s) associated with this account

      including billing information and records specific to the subscriber of **218-401-2024;**

  H. Information relating to unlisted, non-published telephone numbers dialed from telephone number **218-401-2024** and telephone numbers appearing on the caller identification (Caller ID) function for telephone number **218-401-2024**

  I. List of control channels/radio channels and their corresponding cell sites;

  J. Spreadsheets in electronic format (upon request) listing pertinent **Verizon Wireless** cell site locations;

  K. An engineering map, showing all cell-site tower locations, addresses, sector and orientations; (upon request);

  L. The physical address/location of all cellular towers in the specified market;

  M. That the telecommunications providers for these include any assistance or access necessary to facilitate the installation of pen register and/or trap and trace device to include switch based solutions or SMART/SINS system. (upon request); and,

  N. Records and assistance requested in this order shall be provided to any officer or agent of the **Paul Bunyan Drug Task Force.**

6. Your Affiant requests that this order and tracking warrant pertain to any telephone for which data from **218-401-2024** is redirected to another communication device, (i.e. call forwarding).

7. Your Affiant requests the Court specifically authorize the use of Global Positioning (GPS) pertaining to **218-401-2024** to be used to track the position and/or movement of the mobile phone for a period of sixty (60) days from the installation/activation of the electronic tracking device (GPS phone technology).

8. Request for Technical Assistance: Applicant further requests that the Order direct that **Verizon Wireless** furnish information including cell site, cellular tower location and service information, and call detail or toll records, as well as any and all facilities and technical assistance necessary to unobtrusively accomplish the installation of the pen register and trap and trace device by **Verizon Wireless** with reasonable compensation to be paid by the applicant for reasonable expenses incurred by providing such facilities and assistance.

9. Pursuant to Minn. Stat. § 626A.42, Subd. 4, it is requested that notice of the tracking warrant not be provided to the target of the investigation for a period of ninety (90) days or within a reasonable time not later than ninety (90) days after the tracking warrant is unsealed if the tracking warrant is sealed by the court. Pursuant to the statute, the issuing judge shall cause to be served on the persons named in warrant and application an inventory which shall include notice of: the fact of the issuance of the warrant or application, the date of the issuance and the period of authorized, approved, or disapproved collection of location information, or the denial of the application~~,~~; and the fact that during the period location information was or was not collected.

10. Pursuant to 18 U.S.C. §2705(b), the applicant requests the court order the applicable providers, their agents and employees not to notify any other persons of the existence of the requested court order because there is reason to believe that notification of the existence of the requested court order will result in **[select only provisions that apply based upon the provisions in the investigator's affidavit]** (1) ~~endangering the life or physical safety of an individual~~; (2) assisting Augustus LIGHT, and/or his/her associates, in flight to avoid prosecution; (3) destruction or tampering with evidence; (4) ~~intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial based on the nature and scope of the investigation as outlined in section 8(a) described above.~~

WHEREFORE, it is respectfully requested that the Court grant an Order and Tracking Warrant for a period of sixty (60) days, from the date of this Order (1) authorizing the installation and use of: a pen register, trap and trace device, including caller identification, electronic tracking device, and/or cellular tower location and service information, including services such as Global Positioning System (GPS) technology and/or precision location related technologies, (2) that probable cause exists for a tracking warrant to be issued, (3) directing **Verizon Wireless** to forthwith furnish officers and agents of the **Paul Bunyan Drug Task Force**, and Beltrami County Sheriff's Office with all information, facilities and technical assistance necessary to accomplish the installation and use of the device(s) unobtrusively and with minimum interference to the service presently accorded persons whose dialing or pulses are the subject of the pen register, (4) that notice to the person(s) named in the tracking warrant shall be delayed for a period of ninety (90) days or notice shall be provided within a reasonable time period,

but not more than ninety (90) days after the tracking warrant is unsealed pursuant to Minn. Stat. §626A.42, Subd. 4.

S/A David Hart
Paul Bunyan Drug Task Force

Subscribed and sworn to before me
this 27 day of NOV , 19

Judge of District Court