RECEIVED
SEP 28 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

CASE NUMBER: 20-CR-147 (PAM/LIB)

UNITED STATES OF AMERICA,

    Respondent,

v.

Agustus Q. Light,

    Defendant.

SUPPLEMENTAL PRO SE MOTION TO SUPPRESS ALL EVIDENCE OBTAINED TROUGH, GPS, ELECTRONIC SURVEILLANCE, LOCATION, TRACKING DEVICE, ECT., IN VIOLATION OF TITLE III, 18 U.S.C.S. § 2518(10)(a)(i)(ii)(iii), § 2516(2) AND THE FOURTH AMENDMENT. with Memorandum of Law, and Affidavit.

1.) THAT IN FACT and at LAW, Defendant, Agustas Q. Light, Pro Se, Respectfully Moves this Court to state that the Eighth Circuit has firmly held and stated that "We have consistently held that evidence obtained in violation of a state law is admissable in a federal Criminal Trial if the evidence was obtained without violating the Constitution or federal Law. see United States v. Olderbak, 961 F.2d 756, 760 (8TH Cir. 1992).

2.) THAT IN FACT and at LAW, When Beltrami County sheriff officer David Hart Made the "APPLICATION AND AFFIDAVIT" for a Warrant Authorizing the Electronic Surveillance interception which violated the Minnesota Privacy of Communications Act, Minnesota Statute § 626A.05, which required that Applications for interceptions be initiated by either the Attorney General or by a County Attorney, And the federal statute 18 U.S.C.S. § 2516(2) required "the principle prosecuting Attorney" Make the application; He violated the Federal Law, U.S. Constitution and State Law.

SCANNED
CK
SEP 28 2020
U.S. DISTRICT COURT ST. PAUL

3.) THAT IN FACT and at LAW, Beltrami County sheriff Officer David Hart is Not a "Principle Prosecuting Attorney" For 18 U.S.C.S. § 2516(2) purposes, Nor is he an "Attorney General" or "County Attorney" For Minn. Stat. 626A.05 purposes, NEVER WAS, NEVER HAS BEEN, Not only did Dave Hart Make "APPLICATION AND AFFIDAVIT" himself, he Authorized himself to bypass the LAW that Congress enacted "to Make Application hisself, to a Judge of his choice, For an "ORDER Approving Electronic Surveillance in violation of 18 U.S.C.S. § 2516(2).

4.) THAT IN FACT and at LAW, For the reasons Stated Above All Evidence Obtained through Electronic Surveillance on Mr. Lights cell phone and vehicle should be suppressed because the "AFFIDAVIT AND APPLICATION" are insufficient on its Face in violation of 18 U.S.C.S. § 2518(10)(a)(i)(ii)(iii) and Beltrami County sheriff Officer David Hart Dishonestly and Recklessly Misled the Judge into believing he was the person Eligible to Make "Application and Affidavit" For Electronic Surveillance Warrant, "FRANKS HEARING REQUESTED" pursuant to, Franks v. Delaware, 438 U.S. 154, 171-72 (1978). GOOD FAITH EXCEPTION DOES NOT APPLY.

I, Agustus Q. Light, declare under penalty of Perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and Correct to the best of my knowledge, information, and Belief.

EXECUTED ON September 24TH, 2020

S/ Agustus Q. Light
AGUSTUS Q. LIGHT