IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

RECEIVED
SEP 28 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

CASE NUMBER: 20-CR-147 (PAM/LIB)

UNITED STATES OF AMERICA,

    Respondent,

v.

Agustus Q. Light,

    Defendant.

DEFENDANTS PRO SE MOTION TO DISMISS INDICTMENT PURSUANT TO RULE 12, FOR VIOLATION OF UNITED STATES CONSTITUTIONS FIFTH AMENDMENT RIGHT UNDER THE DOUBLE JEOPARDY CLAUSES DUAL SOVEREIGNTY DOCTRINE, WITH AFFIDAVIT AND SUPPORTING MEMORANDUM OF LAW.

SCANNED
SEP 28 2020
U.S. DISTRICT COURT ST. PAUL
Ck

1.) THAT IN FACT and at LAW, Defendant, Agustus Q. Light, Pro Se, Respectfully Moves this Honorable Court to state that the "FEDERAL PROSECUTION" that Mr. Light is is currently defending against is a "SHAM AND A COVER" to the Subsequent "STATE PROSECUTION", in violation of the United States Constitutions Fifth Amendment Double Jeopardy Clause, Dual Sovereignty doctorine laid out in the dicta of Bartkus v. Illinois, 359 U.S. 121, 123-24, 3 L.Ed. 2d 684 79 S.Ct. 676 (1959).

2.) THAT IN FACT and at LAW, The Bartkus Court in dicta suggested that a Subsequent state prosecution that is a "sham and a cover" may violate the Double Jeopardy clause if the state Prosecutors were merely "tools" of the federal Government; i.e., if the state prosecution was defacto a second Federal Prosecution. See Bartkus, Quoted in U.S. v. Williams, 104 F.3d 213, 216 (8TH Cir. 1997)). While the dicta in Bartkus address a subsequent state prosecution, in this case the Federal Prosecution was subsequent to the state prosecution.

The Eighth Circuit has never explicitly held that the Bartkus Exception Applies to a Subsequent Federal Prosecution. see. U.S. v. Basile, 109 F.3d 1304, 1307 (8th cir.) cert. denied, 522 U.S. 873, 139 L.Ed. 2d 128, 118 S.Ct. 189 (1997).

3.) THAT IN FACT and at LAW, Referrals and cooperation between federal and state officials not only do not offend the Constitution but are commonplace and welcome. see. Bartkus, describing state and Federal cooperation as standard practice; U.S. v. Talley, 16 F.3d 972, 974 (8TH cir. 1994).

4.) THAT IN FACT and at LAW, A Referral Made by a state Prosecutor does not undermine the independence of Federal prosecutors, regardless of the state prosecutors Motives in making the referral, the inquiry is not whether the prosecution would have taken place but for the referral, but rather whether the state has "effectively Manipulated the Actions of the Federal Government, so that the federal Officials retained no independent volition." U.S. v. 38 Whalers Cove Drive, 954 F.2d 29, 38 (2d Cir). cert. denied, 506 U.S. 815, 121 L.Ed 2d 24, 113 S.Ct. 55 (1992)

5.) THAT IN FACT and at LAW, The state Prosecutor "Manipulated" the Federal Government and used them as "tools" because In "Beltrami County District Court" and "Mahnomen County District Court" defendant was exercising his Fifth Amendment right to Due Process, before posting bail in Beltrami County, defendant was still waiting on Discovery "Electronic Surveillance, G.P.S. Tracking Device Warrant, Ect." To Proceed to Most likely "Suppress all the evidence obtained "At OMNIBUS MOTIONS HEARING", then Mahnomen County Came got defendant once Bail was posted in Beltrami County, And Motions For Discovery Were put in, in Mahnomen County "Requesting Search Warrants, Electronic, Surveillance, Ect." (see. EXHIBIT "A")

2 of 3

6.) THAT IN FACT and at LAW, In Mahnomen County District Court while waiting on discovery to file Omnibus hearing Motions, the Omnibus hearing had to be Canceled or Continued Four or Five times, because the prosecutor didn't have the requested Discovery, he said he was waiting on the requested discovery from Beltrami County, and the sitting Judge at that time the Honorable Judge Mr. Shefendecker told him that if he dont have that discovery he will suppress all the evidence and dismiss the case. I Never recieved that discovery then I was federally indicted days later on the exact same charges!

7.) THAT IN FACT and at LAW, NOW I See why the State Prosecutor was reluctant to turn over the "Electronic Surveillance" Search Warrants in the Discovery, because its deficient, invalid, insufficient, Improper, unauthorized, illegal, and violates state law, and, federal law. See. "APPLICATION AND AFFIDAVIT" and "ORDER AND TRACKING WARRANT".

8.) THAT IN FACT and at LAW, Theres Nothing wrong with making referrals and cooperation between "State and federal" officials, but there is Something wrong when One is using the other as a "Tool" and one has "Manipulated" the other to be a "Sham and a cover" For a subsequent prosecution (see. EXHIBIT "B"). That violates the Double Jeopardy Clause of the Fifth Amendments, Dual Sovereignty doctrine laid out in the dicta of Bartkus v. Illinois, 359 U.S. 121, 123-24, 3 L.Ed.2d 684, 79 S.Ct. 676 (1959). Applies.

I, Agustus Q. Light, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the Forgoing is true and correct to the best of My knowledge, information and belief.

S/ Agustus Q. Light
AGUSTUS Q. LIGHT

3 of 3

EXECUTED ON, SEPTEMBER, 28TH, 2020