IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

CASE NUMBER: 20-CR-147 (PAM/LIB)

UNITED STATES OF AMERICA,

    Respondant,

vs.

Agustus Q. Light,

    Defendant.

SUPPLEMENTAL PRO SE MOTION TO SUPPRESS ALL EVIDENCE OBTAINED THROUGH ILLEGAL ELECTRONIC SURVEILANCE, GPS, CELL-CITE LOCATION, ECT. AS A RESULT OF AN ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF 18 U.S.C. § 2515, and 18 U.S.C. § 2518(10)(a)(i)(ii)(iii), and U.S. CONSTITUTIONS FOURTH AMENDMENT and TITLE III, WITH SUPPORTING MEMEMORANDUM OF LAW, AND AFFIDAVIT.

1.) THAT IN FACT and at LAW, 18 U.S.C.S § 2516(2) provides as follows; The principle prosecuting Attorney of any state, or the principle prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that state to Make Application to a State Court Judge of Competent Jurisidiction for an order authorizing or approving the interception of Electronic Communications may apply to such Judge for, and Such Judge may grant in conformity with 18 U.S.C.S. § 2518 of this chapter and with applicable state statute an order Authorizing or approving the interception of electronic Surveillance by Law enforcement officers having responsibility for the investigation of the offense as to which the application is Made.

RECEIVED BY MAIL SEP 30 2020 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED SEP 30 2020 mtr U.S. DISTRICT COURT MPLS

2.) THAT IN FACT and at LAW, The State of Minnesota Privacy of Communications Act, Minn. Stat. § 626A.05 subd.1 Provides; the Attorney General or County Attorney of any County may Make Application as provided in Minn. Stat. § 626A.06 to a Judge of the district court or of the Supreme Court For a Warrant Authorizing or approving the interception by Law Enforcement officers having responsibility for the investigation of the offense as to which the application is Made.

3.) THAT IN FACT and at LAW, Minn. Stat. § 626A.05 of the Privacy of Communication Act requires that Application for interception be initiated by the Attorney General or by a County Attorney. This was not done.

4.) THAT IN FACT and at LAW, Beltrami County Sheriff officer Dave Hurt was not Qualified under state or Federal Law to Make Application to the Court For Authorization, Nor was Beltrami County District Court Judge John Melby Qualified to Authorize an application under Federal or state Law.

5.) THAT IN FACT and at LAW, "ONLY" a State Attorney General or County Attorney Can Make Application to A Court for Authorization, EVEN the Minnesota Supreme Court held that the Application For interception For Electronic Communications Filed by a Assistant County attorney were not authorized. See. State vs. Frink, 292 MINN. 57, 206 N.W. 2d 664 Supreme Court (1973)

6.) THAT IN FACT and at LAW, "NEITHER" Minn. Stat. § 626A.05, or 18 U.S.C.S. § 2516 intends that at the County level, anyone other than the "Principal Prosecuting Attorney" shall have the power to initiate an electronic Surveillance.

7.) THAT IN FACT and at LAW, Minn. Stat. § 388.10, which permits a county attorney to appoint an assistant county attorney to aid in the performance of his duties does not authorize the County Attorney to delegate to his Assistant the duty expressly conferred on the County Attorney by Minn. Stat. § 626A.05 Subd.1 to Apply for a Warrant permitting Law enforcement officers to intercept Electronic Communications under the Minnesota Privacy of Communications Act.

8.) THAT IN FACT and at LAW, 18 U.S.C.S. § 2518(4)(d) requires each Authorizing Electronic Communications shall specify the identity of the person authorizing the application. The word "Person" means a specific, identifiable, individual human being" the corresponding provision in the Minnesota Statutes is found in Minn. Stat. § 626A.06(4)(d)

9.) THAT IN FACT and at LAW, the United States Department of Justice has stated that the "APPLICATION AND AFFIDAVIT" must identify the Applicant (Attorney General) as a law enforcement officer or investigative officer and Signed by the (Attorney General) and state under Oath 18 U.S.C. § 2518(1), and Minn. Stat. § 626A.05, then Submitted to a Judge this was not done.

10.) THAT IN FACT and at LAW, Minn. Stat. § 626A.10 States: "Subject to other Laws" Nothing in this chapter Authorizes conduct constituting a violation of the United States.

11.) THAT IN FACT and at LAW, A Electronic Surveillance Order issued by a state Court must comply with state as well as Federal Law. see. United States vs. Moore, 41 F.3d 370, 373 n.1 (8th Cir. 1994)

12.) THAT IN FACT and at LAW, The Minnesota Privacy of Communications Act which became effective July 1st, 1969 was adopted in response to Title III of the Omnibus Crime Control and Safe Streets Act enacted by Congress in 1968 and codified as 18 U.S.C. § 2510 to § 2520. The Federal Provisions were in turn prompted by efforts to formulate statutory rules which would implement the Mandates of the Fourth Amendment Suggested by the United States Supreme Court in Berger v. N.Y., 388 U.S. 41, 87 S.Ct. 1873, 18 L.ed. 2d 1040 (1967) and Katz v. U.S., 389 U.S. 347, 88 S.Ct. 507, 19 L.ed. 2d 576 (1967).

13.) THAT IN FACT and at LAW, In any consideration of the Application of these statutes, it is essential to have in mind that both the state and Federal acts are basically criminal Laws to punish the Unauthorized interception of Electronic Communications authorizing imprisonment up to 5 years and fines up to $10,000 for violations. Both Acts are designed to enforce the rights conferred by United States Constitution Fourth Amendment.

14.) THAT IN FACT and at LAW, All State Electronic Surveillance is foreclosed under Federal Law unless authorized by a similar state statute which may be more restrictive but not less so than the Federal Act. Only the principle prosecuting attorney of the state or the principle prosecuting attorney of any of its subdivisions may apply for an order of interception, without which is in violation of Federal Law.

15.) THAT IN FACT and at LAW, Accordingly, evidence obtained through this illegally obtained Electronic communication interception which was illegally Authorized by the court pursuant to the illegal Application Made by beltrami County Sheriff Officer David Hart is inadmissable.

16.) THAT IN FACT and at LAW, "NOTHING" in the "APPLICATION AND AFFIDAVIT" or "ORDER" Mentions Federal Statutes §2518(1), §2518(1)(a) or §2516(2), or state of Minnesota Statutes §626A.05, §626A.06, or 626A.06 subd.1.

17.) THAT IN FACT and at LAW, The Applicable statute 18 USCA §2515, provides as Follows; "Whenever any Electronic communication has been intercepted, no part of the Content of such communications and no evidence derived therefrom, may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority, of the United States, a state, or a political subdivision thereof if the disclosure of that info would be in violation of this chapter". see. Gelbard v. U.S., 408 U.S. 41, 92 S.Ct. 2357, 33 L.ed.2d 179 (1972).

18.) THAT IN FACT and at LAW, The United States Supreme court in Boyd v. U.S., 116 U.S. 616, 630, S.Ct. 524, 532, 29 L.ed. 746, 751 (1881) Observed that the "Principles which affected" the very essence of constitutional liberty and Security. they apply to all invasions on the part of the government and it's employees on the sanctity of a Mans home and the privacies of Life".

19.) THAT IN FACT and at LAW, IN holding a Federal customs statute unconstitutional, the Court concluded by saying it May be that it is the obnoxious thing in its Mildest and least repulsive form; but illegitimate and unconstitutional practices get there First Footing in that way, namely by silent approaches and slight deviations from legal Modes of procedure.

20.) THAT IN FACT and at LAW, It is the duty of the Courts to be watchful for the Constitutional rights of the citizen, and aginst any stealthy encroachments there on."

21.) THAT IN FACT and at LAW, Evidence Secured be the interception Pursuant to a court order issued in response to an application which was in Fact not Authorized by one of the Statutorily designated officials Must be Suppressed under §2515 upon a Motion properly Made under 18 U.S.C. §2518 (10)(a)(c)(ii)(iii).

I, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of My knowledge, information and belief.

Executed, on, September 19TH, 2020

S. Agustus A. Light
Agustus A. Light