UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-147 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Augustus Quintrell Light, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated January 15, 2021. (Docket No. 80) The R&R recommends denying Defendant August Quintrell Light's Motions to Suppress and Motions to Dismiss the Indictment. Light filed timely objections (Docket No. 87)[1] and the Government responded to those objections. (Docket No. 90.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Light is charged with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C.

---

[1] Light also filed additional objections, captioned as a "Motion for Acceptance of Pro Se Defendants Supplemental Motion to Already Filed Response and Objections to Report and Recommendation." (Docket No. 88.) As discussed more fully below, the Court has considered these untimely objections in evaluating the R&R.

§§ 841(a)(1) and 841(b)(1)(C), and one count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment (Docket No. 1).) Facts necessary to an understanding of the legal discussion will be incorporated into that discussion below.

**DISCUSSION**

Light does not mention the R&R in his lengthy objections; instead, he restates the arguments raised in his Motions and advances new arguments. Thus, he fails to articulate any specific objection to the R&R. While Light lists extensive case law, he does not show an understanding of how that law applies, or rather does not apply, to the instant facts.

Light objects that the tracking warrant was unlawfully obtained, but points to no finding in the R&R in which he contends that the Magistrate Judge erred. (Def.'s Objs. (Docket No. 87) ¶¶ 1-74.) Light argues that the tracking warrant violated Minn. Stat. § 626A.42, but provides no basis for this argument. (Id. at ¶¶ 15-33.) He further contends that the tracking warrant violated federal wiretap law (id. at ¶¶ 34-57); however, the R&R explains that Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522, does not apply because the tracking warrant did not authorize law enforcement to intercept the contents of any communications. (R&R (Docket No. 80) at 29-30.) Light offers no authority to support his position that his location information is "contents" of any communication. (Def.'s Objs. ¶¶ 58-74.) This objection fails.

While objecting to the tracking warrant's constitutionality, Light simultaneously argues that Special Agent David Hart ("SA Hart") violated his Fourth Amendment rights by not obtaining a warrant to intercept Light's cellular-location data from November 7 to

December 7, 2019.  (Id. ¶¶ 75-77.)  As explained in the R&R, on November 27, 2019, SA Hart obtained a tracking warrant substantiated by probable cause.  (R&R at 29.)  Light presents no evidence that his location data was monitored before that date.  Regardless, Light fails to explain how the Magistrate Judge erred in finding the warrant constitutional, and Light's objection is unfounded.  Light's additional argument that SA Hart violated Light's reasonable expectation of privacy by monitoring Light's cellular-location data because "there's no information related to any invoices or bills paid to" Verizon wireless is baseless.  (Def.'s Objs. ¶ 78.)

Light contends, for the first time, that the search of the Naytahwaush residence was invalid because the search was conducted before 7:00 in the morning.  (Id. ¶¶ 79-81.)  This argument is waived because Light did not present it to the Magistrate Judge.  See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived.").  Even so, the search warrant authorized a nighttime search.  (Gov't Resp. (Docket No. 90) at 3.)  Light presents no reason to find that the Magistrate Judge erred, and his objection regarding the search of the Naytahwaush residence fails.

Light raises new arguments regarding allegedly false statements in search-warrant applications, and requests three corresponding Franks hearings.  (Def.'s Objs. ¶¶ 82-84.)  Because Light did not raise these arguments before the Magistrate Judge, they are waived.  In any event, Light's bald allegations do not constitute specific objections to the R&R.  These objections fail and Light's requests for Franks hearings are denied.

As noted above, after the deadline to file his objections had passed, Light filed supplemental objections raising new issues. (Def.'s Supp. Objs. (Docket No. 88).) Even if Light had timely filed these objections, they are meritless.

Light's supplemental objections argue that law enforcement violated his Fourth Amendment rights by searching a locked safe and a bag found inside it during the execution of a search warrant at his Naytahwaush residence. (Id. ¶¶ 1-14.) He argues that searching these two items exceeded the search warrant's scope. Because Light did not raise this argument before the Magistrate Judge, it is waived. But even if Light had previously raised this argument, it would not succeed. The first search warrant for the residence allowed law enforcement to look inside the safe because it "reasonably might conceal items listed in the warrant." United States v. Johnson, 709 F.2d 515, 516 (8th Cir. 1983). After opening the safe, law enforcement, out of an abundance of caution, obtained a second search warrant to continue searching the residence. (R&R at 45-47.) Light's objection related to the search of the safe and bag fails.

Light also asks for a Franks hearing regarding the tracking warrant and search warrant of the Naytahwaush residence, contending that SA Hart and Officer Kris Larson made "false" or "vague" statements in warrant applications and that a confidential informant was not reliable. (Def.'s Supp. Objs. ¶¶ 15-24.) But Light presents no evidence to support his conclusions, and Light's personal beliefs are insufficient to show that the Magistrate Judge erred. These objections are without merit.

Finally, Light argues that he is being selectively and vindictively prosecuted based on his race because one of his Caucasian co-conspirators was not federally charged.

(Id. ¶¶ 25-29.)  Light's opinion as to why his co-conspirator was not federally prosecuted does not meet the substantial evidentiary burden required to prove unfair prosecution, and Light offers no reason as to why the R&R's finding on this matter was incorrect.  (R&R at 19-22.)  This objection is likewise overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 80) is **ADOPTED**;

2. Defendant's Motions to Suppress (Docket Nos. 31, 32, 33, 55, 58, 61, 62, 63, 64) are **DENIED**;

3. Defendant's Motions to Dismiss the Indictment (Docket Nos. 59, 60, 65, 69) are **DENIED**; and

4. Defendant's "Motion for Acceptance of Pro Se Defendants Supplemental Motion to Already Filed Response and Objections Report and Recommendation" (Docket No. 88) is **GRANTED to the extent that the Court has considered the supplemental arguments raised but DENIED in all other respects**.

Dated: Tuesday, March 30, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge