UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                          Crim. No. 20-147 (PAM/LIB)

                      Plaintiff,

v.                                                                                **MEMORANDUM AND ORDER**

Augustus Quintrell Light,

                      Defendant.

_____

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## BACKGROUND

In 2003, a jury convicted Defendant Augustus Quintrell Light of being a felon in possession of a firearm. United States v. Light, No. 03cr298 (D. Minn.). The Honorable Richard H. Kyle, who presided over the trial, sentenced Light to 235 months' imprisonment, with five years of supervised release to follow. (Docket No. 62 in No. 03cr298.) In September 2016, Judge Kyle reduced Light's sentence to 120 months' imprisonment with three years of supervision to follow, which resulted in Light's immediate release from custody. (Docket No. 116 in 03cr298.)

Light's adjustment to release and supervision was unsuccessful, despite his participation in the Court's intensive reentry program. In February 2017, Light was arrested in Hennepin County on state domestic-assault charges. (Docket No. 132 in 03cr298.) Although allowed release pending a hearing to revoke his supervised release, Light committed numerous violations of the terms of his release, including being arrested

for additional crimes and testing positive for illicit substances. (E.g., Docket Nos. 144, 161 in 03cr298.)

The Court continued to offer Light the opportunity to remain in the community. Light continued to abuse that trust by, among other offenses, shoplifting, attempting to pass a counterfeit $100 bill, committing another domestic assault, and interfering with a police officer. The Court revoked Light's supervision and sentenced him to 15 months' imprisonment for his violations. (Docket No. 185 in 03cr298.) Light was released from that term in September 2018. In March 2019, Light was again arrested for felony fleeing a peace officer and the Probation Office requested that the Court revoke his supervised release for a second time. (Docket No. 186 in 03cr298.) Ultimately, Light incurred new federal charges for possession with intent to distribute methamphetamine, heroin, and cocaine, and for possession of ammunition as a felon, all of which constituted additional grounds to revoke his previous term of supervised release. United States v. Light, No. 20cr147 (D. Minn.).

Unsatisfied with court-appointed counsel in his new federal case, Light decided to proceed pro se. A different attorney agreed to serve as standby counsel, but Light filed numerous motions on his own behalf. Light ultimately pled guilty, with the parties agreeing to resolve the new federal charges and the pending revocation charges in a global plea agreement. (Docket No. 95 in 20cr147.) Specifically, the parties agreed to seek a sentence of 120 months for the new charges and 18 months for Light's violation of his supervised release, with no agreement as to whether that 18-month term would be consecutive to or concurrent with the 120-month sentence. In exchange for Light's guilty

plea and admission of supervision violations, the Government agreed to dismiss the charges arising out of Light's possession of heroin, cocaine, and ammunition, and to seek the dismissal of the serious state charges Light was facing. (Id.) Shortly before sentencing, standby counsel was appointed to represent Light, and he presented arguments on Light's behalf. (Docket No. 104 in 20cr147.) As provided in the plea agreement, the Court sentenced light to 120 months on the new charges and a consecutive 18 months for the supervision violations. (Docket No. 109 in 20cr147.)

On appeal, the Eighth Circuit affirmed in all respects save for the 18-month revocation sentence, noting sua sponte that this sentence, combined with the 15-month sentence Light received for his previous supervision violation, exceeded the statutory maximum of 24 months for supervised release violations arising out of Light's 2003 conviction. (Docket No. 128 in 20cr147.) The appellate court remanded only the revocation sentence for resentencing. (Id.)

Light then moved pro se to withdraw his global plea agreement, asserting that his standby counsel was ineffective for recommending that he agree to an 18-month revocation sentence. (Docket Nos. 131, 132 in 20cr147.) The Court denied the motions to withdraw the plea, and allowed Light to represent himself going forward. (Docket No. 136 in 20cr147.) After holding a resentencing hearing at which Light was present and raised arguments on his own behalf, the Court resentenced Light to seven months' imprisonment on his supervised-release violations, consecutive to his 120-month sentence in 20cr147, and two months less than the statutory maximum total revocation sentence that could have been imposed. (Docket No. 282 in 03cr298.) The Eighth Circuit affirmed Light's seven-

month revocation sentence in December 2022, and the United States Supreme Court denied certiorari. (Docket Nos. 149, 153 in 20cr147.) Light subsequently filed the instant Motion to Vacate. (Docket No. 154 in 20cr147.)

Light argues in this Motion that his standby counsel was ineffective in multiple ways: (1) by failing to assist or properly advise Light in filing pretrial motions to suppress evidence; (2) by "manipulating" Light into telling the Court that he was satisfied with standby counsel's assistance when in fact standby counsel had ostensibly sabotaged Light's case by not filing a pretrial motion Light asked him to file; (3) by not sufficiently investigating the charges against Light and nevertheless advising Light to enter the global plea agreement that resolved both the new federal charges and the revocation violation; (4) by failing to object to the quantity and purity of methamphetamine at Light's sentencing hearing, resulting in a higher guidelines range; and (5) by not appealing the 18-month sentence imposed for the supervision violation.

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or

4

sentence are cognizable in a § 2255 proceeding. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). The petitioner bears the burden to establish that his conviction or sentence violated either the Constitution or federal law. United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

### A.   Evidentiary Hearing

Although § 2255 requires a Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Because Light's claims are without merit, the Court declines to hold an evidentiary hearing.

### B.   Ineffective Assistance of Counsel

To prevail on a claim that counsel rendered ineffective assistance, Light must establish both that his attorney's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). The Court presumes that the attorney provided effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997). Indeed, the Court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. To establish that counsel performed deficiently within the meaning of Strickland, Light must show "that counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005).

To demonstrate prejudice, Light must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If he cannot establish prejudice, the Court need not address the reasonableness of the representation, because the failure to establish prejudice is dispositive of a § 2255 claim of ineffective assistance. Apfel, 97 F.3d at 1076.

### 1. Standby Counsel—Pretrial and Plea Proceedings

A criminal defendant who has knowingly and voluntarily elected to proceed pro se does not have a constitutional right to the services of standby counsel. United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996). Because there is no constitutional right to standby counsel, Light "cannot claim ineffective assistance of standby counsel." United States v. Foster, 230 F.3d 1364 (table), 2000 WL 1511762, at *1 (8th Cir. Oct. 12, 2000). Indeed, when he decided to proceed pro se, Magistrate Judge Leo I. Brisbois informed Light that if he represented himself and was convicted, "you cannot complain about ineffective assistance of counsel because you did in fact represent yourself." (Docket No. 51 in 20cr147 at 12-13.) Light stated that he was aware of that. (Id. at 13.) Light's first three arguments regarding the alleged ineffective assistance of his standby counsel are thus without merit.

Even if Light could claim ineffective assistance of standby counsel, however, he has not established either element of his claim. Light's reliance on McKaskle v. Wiggins, 465

6

U.S. 168 (1984), in this regard is misplaced. Light did not cede control over his defense to standby counsel, as he argues. Light filed no fewer than 11 pro se pretrial motions. (See Docket Nos. 55, 58, 59, 60, 61, 62, 63, 64, 65, 67, 69 in 20cr147.) The motion Light contends standby counsel failed or refused to file was additional argument regarding the propriety of the tracking warrant that ultimately led to Light's arrest on the instant charges. But the arguments Light contends he was prevented from raising were without merit. Light presents no basis for his contention that the tracking warrant violated Minnesota law, because it did not do so. Contrary to Light's contentions, the warrant was submitted in the name of the special agent in charge of the investigation, as Minn. Stat. § 626A.41(2)(a)(1) requires. (See Docket No. 80 in 20cr147 at 4.) And law enforcement secured search warrants specifically authorizing the actual searches that took place. (Id. at 7.) Even had standby counsel discouraged Light from raising this issue before the Magistrate Judge, that advice did not constitute ineffective assistance and certainly did not "sabotage" Light's defense. Light's first two grounds therefore fail on the merits.

Light is also incorrect that standby counsel rendered ineffective assistance by failing to fully investigate and seek testing of the methamphetamine found in Light's possession. As discussed more fully below, any challenge to the guidelines calculations in the plea agreement would likely have resulted in the Government withdrawing its plea offer. Light would have faced significantly stiffer penalties in the absence of the plea agreement. Light therefore suffered no prejudice. And standby counsel was not ineffective for not recognizing that the 18-month revocation sentence exceeded the statutory maximum. Even the Probation Office misinterpreted the complex interplay of the Sentencing Guidelines

7

with previous criminal justice statutes that required a lower statutory maximum revocation sentence than the parties believed was applicable. Light also suffered no prejudice from this error: he was resentenced to a term within the statutory maximum. His third ground likewise fails on the merits.

### 2. Sentencing

In challenging the assistance of counsel during sentencing, prejudice means "a reasonable probability that his sentence would have been different but for the deficient performance." Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). Light contends that counsel was ineffective for failing to argue that the methamphetamine at issue was not 50 grams of actual or pure methamphetamine, insisting that if his attorney would have raised that argument, his guidelines range would have been 77 to 96 months.

But in the plea agreement and under oath at the change-of-plea hearing, Light admitted to possession of "more than 50 grams of actual, or pure, methamphetamine." (Docket No. 125 in 20cr147 at 25-26.) The plea agreement also noted that Light had been charged with possession with intent to distribute both cocaine and heroin and being a felon in possession of ammunition. In exchange for Light's guilty plea to the methamphetamine charge, the Government agreed to dismiss the other pending charges. Had Light's attorney decided to challenge the amount of methamphetamine, the Government could have withdrawn from the plea agreement and pursued all charges against Light, potentially leading to a far higher sentence than the one Light received. (See Docket No. 51 in 20cr147 at 10-11 (informing Light that the maximum sentence for the distribution of heroin and cocaine is 20 years' imprisonment, the maximum sentence for the felon-in-possession

8

charge is 10 years, and that sentences for all charges in the indictment could be run consecutive to each other).) Light's attorney was not deficient for failing to raise an issue that could have resulted in Light receiving a sentence more than twice as high as that negotiated in the global plea agreement, and Light cannot establish any prejudice from counsel's alleged failures in this regard.

### 3. Appeal

"To establish ineffective assistance of appellate counsel, [petitioner] must show that counsel's performance was deficient, and prejudice from that deficiency. The deficient performance standard is rigorous." United States v. Brown, 528 F.3d 1030, 1032-33 (8th Cir. 2008). "When [] counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006) (citations omitted). Indeed, "counsel will not be held to be ineffective for failure to raise every conceivable issue." Id. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). In the absence of contrary evidence, the Court must "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." Roe v. Delo, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted).

Light insists that counsel was ineffective on appeal because he did not challenge what Light believes was an "illegal" sentence. As this Court and the Court of Appeals have determined, however, there was nothing "illegal" about the sentence Light received. That it exceeded the statutory maximum meant only that the sentence had to be lowered; it did

not render the sentence itself somehow "illegal" or allow Light to withdraw from his plea agreement. To argue that he would not have pled guilty if the recommended revocation sentence in the plea agreement comported with the statutory maximum—no more than nine months—is nonsensical, given that he agreed to plead guilty despite the agreement's recommendation that the revocation sentence be twice as long.

And as the Government argues, Light's challenge to the 18-month revocation sentence is in any event moot because he is not serving that sentence. See 28 U.S.C. § 2255(a) (allowing a prisoner to claim that his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law"). The Court resentenced Light to a term within the statutory maximum; it is that sentence for which Light is currently in custody. To paraphrase the Government's argument, the Court cannot correct a sentence that it has already corrected. Light's challenge to his appellate counsel's performance fails.

**C.     Certificate of Appealability**

Light may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). But such a certificate requires Light to make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Light must establish that the issues he raises are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133

F.3d 565, 569 (8th Cir. 1997). Light has not met this high standard, and no certificate of appealability will issue.

**D.    Conclusion**

Light is entitled to vindicate his constitutional rights and to use all available procedures in raising meritorious legal issues. Light's conduct in this case and in his previous case show that he is capable of doing so and that he does not hesitate to seek relief when he believes relief is warranted. But Light's time in prison would be far better spent coming to terms with his extensive criminal history and failure to remain law-abiding than attempting to overturn what was by all accounts a generous sentence for Light's extremely serious and repeated criminal behavior. If Light fails to examine his own culpability and to take responsibility for his actions, his eventual adjustment to a law-abiding life is not likely to be successful.

**CONCLUSION**

Light has failed to establish that his attorney rendered ineffective assistance in any way. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Vacate (Docket No. 154) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:    April 24, 2024

                                            *s/Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge