UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Crim. No. 20-147 (PAM/LIB)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Augustus Quintrell Light,

Defendant.

---

This matter is before the Court on Defendant Augustus Quintrell Light's pro se Motion for Compassionate Release. (Docket No. 180.) For the following reasons, the Motion is denied.

**BACKGROUND**

In May 2021, Light pleaded guilty to possession with intent to distribute methamphetamine. (Docket No. 95.) At the time he committed that offense, Light was on supervised release in an earlier criminal case, United States v. Light, Crim. No. 03-298 (PAM). In exchange for Light's May 2021 plea, the Government agreed to seek the mandatory minimum sentence and move to dismiss two additional counts at sentencing. (Docket No. 95 at 6–7.) In July 2021, the Court sentenced Light to the mandatory minimum sentence of 120 months' imprisonment. (Docket No. 109.) The Court also found Light to have violated the conditions of his supervised release and sentenced him to a consecutive sentence of 18 months' imprisonment for that violation. (Id. at 2; United States v. Light, Crim. No. 03-298 (PAM), Docket No. 252 at 1–2.)

**DISCUSSION**

To establish that he warrants relief under the First Step Act, 18 U.S.C. § 3582, a defendant must demonstrate that: "(1) 'extraordinary and compelling reasons' justify the reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors under § 3553(a) support relief." United States v. Fetters, 163 F.4th 513, 515 (8th Cir. 2026) (quotation omitted). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Light has exhausted his administrative remedies, and the Motion is ripe for the Court's review.

The Court understands Light's Motion to seek release based on his rehabilitative efforts and changes to the Sentencing Guidelines, which Light argues constitute extraordinary and compelling circumstances. Light references changes to the Sentencing Guidelines that went into effect on November 1, 2026. He argues that his sentence is "unusually long" in light of those changes, warranting relief under U.S.S.G. § 1B1.13(b)(6). However, the changes to the Guidelines are not retroactive. The United States Supreme Court has determined that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction." Rutherford v. United States, 608 U.S. 454, 465 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Therefore, Light's argument that his sentence is "unusually

long" to warrant relief under § 1B1.13(b)(6) is foreclosed. Moreover, the Supreme Court has concluded that a purported reason for compassionate release is "not 'compelling' if Congress has channeled it through the postconviction statutes." Fernandez v. United States, 608 U.S. 411, 424 (2026). Section 2255 provides the proper procedural vehicle to challenge a defendant's conviction.

The sole remaining argument that Light offers in support of his early release is his rehabilitation. Although the Court lauds Light's rehabilitative efforts, they do not warrant his early release. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.).

The Court also considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence, and those factors weigh strongly against an early release for Light. Further, Light has a long history of violence, and the Court determines that Light fails to establish that he "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant Augustus Quintrell Light's pro se Motion for Compassionate Release (Docket No. 180) is **DENIED**.

Dated: November 13, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge